IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON D. DUNCAN, #148434,        )<br>                                                          )<br>    Petitioner,                              )<br>                                                          )<br>v.                                                      )<br>                                                          )<br>DEIDRA WRIGHT and                   )<br>STEVEN T. MARSHALL,              )<br>                                                          )<br>    Respondents.                         ) | Case No. 1:18-cv-670-ECM-SMD<br>[WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on June 25, 2018, by Sharon D. Duncan, an Alabama inmate proceeding *pro se*. Doc. 1. Duncan challenges her Houston County convictions for receiving stolen property, theft of property, and criminal possession of a forged instrument. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Duncan's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.    BACKGROUND**

   **A.    State Criminal Conviction**

On October 21, 1998, Duncan was convicted in the Houston County Circuit Court following guilty pleas to one count of first-degree receiving stolen property, two counts of second-degree theft of property, and seven counts of criminal possession of a forged instrument. *See* Doc. 15-1. For each conviction, Duncan was sentenced to a term of life in

prison under Alabama's Habitual Felony Offender Act, with all terms ordered to run concurrently. *Id*. Duncan did not appeal.

### B. Alabama Rule 32 Petition

In June 2000, Duncan filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 15-1. Duncan's Rule 32 petition raised claims that her guilty plea was involuntary and that she received ineffective assistance of trial counsel. *Id*. The trial court denied Duncan's Rule 32 petition in August 2000, and Duncan appealed. On February 16, 2001, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Duncan's Rule 32 petition. *Id*. On April 6, 2001, the Court of Criminal Appeals issued on a certificate of judgment. Doc. 15-2.

### C. 2008 Sentence Reduction

On May 27, 2008, Duncan filed a motion with the trial court seeking a sentence reduction under *Kirby v. State*, 899 So.2d 968 (Ala. 2004) and ALA. CODE § 13A-5-9.1. Doc. 15-3. On July 3, 2008, the trial court granted Duncan's motion for sentence reduction and entered an order reducing the sentence for her receiving-stolen-property conviction to 20 years in prison, to run concurrently with her other sentences. Doc. 15-3. Under the trial court's order, Duncan's life sentences for her other Houston County convictions remained the same. *Id*. Duncan did not appeal the resentencing.

### D. May 2009 Federal Habeas Petition

Duncan filed a 28 U.S.C. § 2254 petition with this court on May 6, 2009. *See Duncan v. Wheeler-White*, 1:09-CV-416-TMH-SRW. The petition was dismissed without

prejudice on September 22, 2019, to allow Duncan to pursue her available state court remedies regarding claims in the petition. *Id.*

### E.     The Instant Federal Habeas Petition

Duncan filed this § 2254 petition on June 25, 2018.[1] Doc. 1. In her petition, Duncan contends that she received ineffective assistance of counsel, that she was misinformed about the length of the sentences she would receive, that she was not afforded on opportunity for drug treatment before sentencing, and that her life sentences should all be reduced. Id at 5–10. Respondents answer that Duncan's petition is time-barred under the one-year federal limitation period. Doc. 15 at 4–6.

## II.    DISCUSSION

### A.     AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[1] Duncan's § 2254 petition was stamped as received in this court on July 17, 2018. Doc. 1 at 1. Applying the "prison mailbox rule," the court deems Duncan's petition to be filed on the date she represents that she delivered it to prison authorities for mailing, i.e., June 25, 2018. *Id.* at 15. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

3

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.     Analysis of Timeliness**

For purposes of AEDPA's statute of limitations, the court will assume that the judgment that holds Duncan in confinement is the state trial court's July 3, 2008 order granting Duncan's motion for sentence reduction and reducing the sentence for her receiving-stolen-property conviction to 20 years in prison, even though that order left all of Duncan's convictions intact and left unchanged the life sentences for her other convictions. *Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015); *see Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014). Duncan had 42 days to appeal the trial court's July 3, 2008 judgment. *See* ALA. R. APP. P. 4(b)(1). However, she did not appeal. Therefore, for purposes of AEDPA's statute of limitations, that judgment became final on August 14, 2008, when the time for Duncan to appeal the judgment expired. Under 28

U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)). Absent statutory or equitable tolling, then, Duncan had until August 14, 2009, to file her § 2254 petition.

        1.    ***Statutory Tolling***

Under 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled while a properly filed state post-conviction petition is pending in the state courts. Duncan, however, does not get the benefit of the tolling provision in § 2244(d)(2) because she filed no Alabama Rule 32 petition during the one-year period between August 14, 2008 and August 14, 2009.

As noted above, Duncan filed a 28 U.S.C. § 2254 petition with this court in May 2009. *Duncan v. Wheeler-White*, 1:09-CV-416-TMH-SRW. That petition was dismissed without prejudice in September 2019 to allow Duncan to pursue her available state court remedies regarding her claims. *Id*. A federal petition for writ of habeas corpus does not constitute an application for state post-conviction relief or other collateral review within the meaning of the tolling provision in § 2244(d)(2). *Duncan v. Walker*, 553 U.S. 167, 181 (2001); *see also Hayes v. Culliver*, 2005 WL 1270495, at *2 (M.D. Ala. May 27, 2005). Therefore, Duncan is entitled to no tolling during the pendency of her May 2009 § 2254 petition that was ultimately dismissed without prejudice.

The provisions of 28 U.S.C. §§ 2244(d)(1)(B)–(D) also do not provide Duncan with a different triggering date so that AEDPA's limitation period might have commenced on

5

some date later than August 14, 2008, or expired on some date later than August 14, 2009. There is no evidence that an unlawful state action impeded Duncan from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Duncan submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Duncan also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for Duncan's § 2254 petition is the one in 28 U.S.C. § 2244(d)(1)(A). Under that provision, AEDPA's limitation period, as calculated above, expired on August 14, 2009. Duncan filed her § 2254 petition on June 25, 2018—over eight years after AEDPA's limitation period expired.

### 2. *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Duncan asserts no basis for equitable tolling in her case. Therefore, she has not met her burden of showing that equitable tolling is warranted. Her § 2254 petition is time-barred by AEDPA's statute of limitations, and her claims her subject to no further review.

## III.  CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Duncan's § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **June 24, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 10th day of June, 2021.

/s/ Stephen Doyle
_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE